UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE HAND PRODUCTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:12 CV 2232 RWS |
| | ) |
| DAOUD & KORN ENTERPRISES, LLC, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before me on Plaintiff Joe Hand Productions, Inc.'s motion for a default judgment.  Joe Hand Productions owned the nationwide television distribution rights to an Ultimate Fighting Championship broadcast which took place on November 19, 2011.  Joe Hand Productions sells the right to publically exhibit this broadcast to various public establishments (eg. hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.)  A number of these establishments illegally intercepted the broadcast and showed it to their patrons without obtaining a license to do so from Joe Hand Promotions.

The present lawsuit alleges that Defendants Daoud & Korn Enterprises (d/b/a The Red Room Sushi Lounge) and Amjad Daoud illegally intercepted the broadcast and played it to patrons at the Red Roof Sushi Lounge.  Joe Hand Productions has sued Defendants under two alternative federal statutes.

The first is the Unauthorized Reception of Cable Services, 47 U.S.C. § 553.  This statute prohibits the unauthorized receipt of programing from a cable service like Charter Communications.  It provides for statutory damages of not less that $250 but not more than $10,000. Id. at §553(c)(3)(A)(ii).  Where the violation was committed willfully and for the purpose of commercial gain the statutory damages may be increased in an amount of not more

than $50,000.  Id. at §553(c)(3)(B).  Attorneys fees and costs may also be recovered under this statute.  Id. at § 553(c)(2)(C).

The second statute is the Unauthorized Publication or Use of Communications, 47 U.S.C. § 605.  In the context of the present lawsuit, this statute prohibits the interception of video programming from a satellite that is primarily intended for the direct receipt by cable operators to send out over their cable network.  It provides for statutory damages of not less that $1,000 but not more than $10,000.  Id. at § 605(e)(3)(C)(i)(II).  Where the violation was committed willfully and for the purpose of commercial gain the statutory damages may be increased in an amount of not more than $100,000.  Id.  at § 605(e)(3)(C)(ii).   Attorneys fees and costs may also be recovered under this statute.  Id. at § 605(e)(3)(B)(iii).

The defendants in this matter have been served.  On March 14, 2013, the Clerk of Court entered a default against the defendants because they failed to file an answer or other responsive pleading.  In its complaint, Joe Hand Productions prayed for damages in the amount of $100,000 for the violation of 47 U.S.C. § 605 and $50,000 for the violation of 47 U.S.C. § 553.

In its motion for a default judgment, Joe Hand Productions seeks a total of $150,000 plus $545.00 in "court costs."  Plaintiff can recover either under § 605 if Defendants intercepted the broadcast from a satellite or under § 553 if Defendants intercepted the broadcast from a cable service.  Plaintiff cannot recover damages under both statutes.

Neither the complaint nor any other filings in this matter indicate which method Defendants used to intercept the broadcast.  I will therefore grant Joe Hand Productions a default judgment under § 605.  Joe Hand Productions has not presented any detailed information regarding Defendants use of the broadcast (such as the occupancy capacity of The Red Room Sushi Lounge or how many patrons were present during the presentation of the broadcast).  Using my discretion, I will award statutory damages in the amount of $10,000.00 under §

605(e)(3)(C)(i)(II); $5,000.00 in enhanced statutory damages under § 605(e)(3)(C)(ii), and costs in the amount of $545.00 under § 605(e)(3)(B)(iii) for a total award in the amount of $15,545.00. This award is similar to the award granted to Plaintiff in another illegal broadcast receipt case which provided much more specific information than the present case.  See Joe Hand Promotions, Inc. v. Beth Wilson d/b/a 10 High Grill, 4:12 CV 1730 CDP (E.D. MO January 24, 2013).

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff's motion for default judgment [#8] is granted in part only to the extent set out above and is denied in all other respects.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 18th day of April, 2013.